## DISTRICT COURT - DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRENDA L. WILKERSON** | : | **C.A. NO.:** |
| | : | |
| **Plaintiff,** | : | |
| | : | **COMPLAINT** |
| vs. | : | **(Jury Trial Requested)** |
| | : | |
| **WENDOVER, INC. t/d/b/a** | : | |
| **WENDY'S, a Delaware corporation,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

AND NOW COMES the above named Plaintiff who complains of the Defendant as follows:

1. Plaintiff is and was at all times relevant to this Complaint a resident of the State of Delaware.

2. Defendant is a Delaware Corporation with its main place of business at 1883 S. DuPont Highway, Dover, Delaware 19901.

3. Plaintiff has worked for Defendant, except for a period of time between 1996 and 1998, since 1993 at its location at 664 N. DuPont Highway, Seaford, Sussex County, Delaware, with her last position being that of Acting General Manager of that location.

### JURISDICTION

4. Jurisdiction is based on the existence of a right arising under a federal statute. This action arises under Title VII of the Civil Rights Act of 1964, 42 USCA Section 2000(e) et.seq., as amended by the Civil Rights Act of 1991, 42 USCA Section 704(a) of Title VII of the Civil Rights Act. The jurisdiction of this Court is invoked to secure protection and redress for deprivation of rights secured by Federal and State law which prohibit discrimination against employee because of their sex.

FACTUAL BACKGROUND

5.     Plaintiff was terminated from her employment with Defendant by Area Supervisor Paul Moore on or about October 2, 2004.

6.     Paul Moore became Area Supervisor, with authority over plaintiff, in approximately July of 2004, and the second level supervisor then and before that time was Sandy Rice, who at some point in time married a Mark Liebel, then an owner of Wendover, Inc.

7.     In or after July of 2004, Moore began coming frequently to the Seaford location, claiming problems with inventory at that location, and initiating unannounced "inspections," requiring long working hours of staff, and generally creating problems with the work force at the Seaford location.

8.     During a prior summer, Moore had authority over a Wendover, Inc. location in Rehoboth Beach, Sussex County, Delaware, and Plaintiff was advised by others there had been an issue of sexual harassment of an employee at that location, and defendant was aware of same.

9.     In approximately September of 2004, while Plaintiff was working in the office area at Seaford, helping employee Cathy Snyder, Moore entered the office area and placed his hand on Plaintiffs buttocks saying to Plaintiff that she had a nice butt.

10.    Plaintiff evidenced her opposition to the behavior of Moore by feeling Moore to never touch her again, and immediately leaving the office. She was later informed by Snyder that as she left the office she was called a bitch by Moore.

11.    Approximately a week later, while Plaintiff was assisting co-employees Debbie Scott and Cathy Snyder, Moore placed his hand on his groin, shaking it and telling Plaintiff he was hung heavy and she couldn't handle him. Plaintiff evidenced her opposition to this behavior by

telling Moore that his actions amounted to sexual harassment and he should stop it. Moore then slapped her with a piece of cheese and laughed.

12. Moore indicated to Plaintiff that if she ever went over his head she would be fired, but Plaintiff nonetheless advised second level supervisor Rice of the aforesaid behavior of Moore.

13. Rice thereafter communicated to Plaintiff that she had reported Plaintiff's complaints of sexual harassment to her supervisor, David Lovelace, Director of Operations, who was about to leave on vacation and Lovelace had indicated he would look into the issue upon his return. Plaintiff never heard from Lovelace prior to her termination from employment.

14. On other occasions Moore made derogatory comments about Plaintiff's fiancé, and her "going home to get some", and offering to himself take her home, which comments were offensive to Plaintiff, who so indicated to Moore.

15. On October 2, 2004, Moore called Plaintiff into the office and told the other workers to stay out front, and he told Plaintiff he was aware of her having reported his sexual harassment of her saying: "you f------ bitch you're no manager," and then told her she was fired.

16. Plaintiff started to leave the office to get her belongings and depart the premises when Moore grabbed her arm and pushed her against the office printer, telling her to "get the f--- out of here." Plaintiff was fearful of further physical contact by Moore and left the premises by the back door.

17. Plaintiff thereafter filed a charge of sexual harassment, alleging violation of State and Federal laws, with the Delaware Department of Labor, and was ultimately mailed a "Right to Sue" letter by the Equal Employment Opportunity Commission (EEOC) on or about April 21, 2006, a copy of which is attached to this Complaint as Exhibit "A."

18. The "Right to Sue" letter was mailed to a wrong address, although the EEOC had a current address, and Plaintiff did not receive the aforesaid notice until May 1, 2006.

19. Plaintiff was advised by District Manager Rice that by Company policy Moore did not have authority to fire her without approval of the District Manager, which was neither asked for nor given.

20. Plaintiff, despite effort, has been unable to obtain employment at a level commensurate with that level of authority and discretion, and resulting income, she had with Defendant pursuant to the sexual harassment, and subsequent retaliation, of Moore.

### COUNT I

21. Plaintiff here incorporates paragraphs 1 through 20 as if set forth at length.

22. The actions and comments of Plaintiff's supervisor Moore constituted sexual harassment and created a hostile work environment for Plaintiff, in violation of Title VII.

23. Plaintiff timely reported the sexual harassment and hostile work atmosphere to the proper officials of Defendant, but no timely action was taken to end the sexual harassment or the hostile work atmosphere.

24. The actions and statements of Defendant, its agents and employees, have caused Plaintiff past, present, and future financial loss and caused her to undergo severe past, present and future mental anguish and distress, and are in violation of 42 USCA Section 2000(e), et.seq.

### COUNT II

25. Plaintiff realleges the allegations in paragraphs 1 through 24 as if here set forth at length.

26. The actions of Defendant, and the actions legally attributable to it, were willful, wanton, and malicious and as a result, Plaintiff is entitled to receive an award for compensatory and punitive damages.

## COUNT III

27. Plaintiff realleges the allegations in paragraph 1 through 24 as if here set forth at length.

28. The actions of Defendant, and actions legally attributable to it constitute retaliation for opposition to acts of discrimination in violation of Title VII.

## COUNT IV

29. Plaintiff realleges the allegations in paragraphs 1 through 25 as here set forth at length.

30. The actions of Defendant, and the actions legally attributable to it violate the covenant of good faith and fair dealing inherent in every lawful contract in the State of Delaware, including contracts of employment.

WHEREFORE Plaintiff prays that his Honorable Court enter judgment in her favor in an amount which would fairly compensate her for all damages which have been or may be suffered by her, including such amounts as are necessary to fully and fairly provide complete relief and to eradicate the effects of defendant's actions and unlawful employment practices as well as

(1) Issuing a judgment against Defendant and in Plaintiff's favor ordering Defendant to pay punitive damages for its malicious and reckless conduct in an amount which will fully and fairly make Plaintiff whole.

(2) Issuing a judgment against Defendant and in Plaintiff's favor ordering Defendant to

pay lawful interest, and counsel fees, as provided by 42 <u>USCA</u> Section 2000(e).

       BROWN, SHIELS & O'BRIEN

    BY_____
      ROY S. SHIELS, ESQUIRE
      P.O. DRAWER F
      108 E. WATER STREET
      DOVER, DELAWARE 19903
      ATTORNEY FOR
      302-734-4766   ID# 346

DATED:

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

06-450

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRENDA L. WILKERSON

## DEFENDANTS
WENDOVER, Inc. t/d/b/a Wendy's, a Delaware Corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Kent
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Roy S. Shiels, Esquire
108 E. Water Street
P.O. Drawer F
Dover, DE 19901    302-734-4766

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C.A Sec. 2000(e) et seq. — Gender discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 7/24/06

SIGNATURE OF ATTORNEY OF RECORD: Roy S. Shiels

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____

# UNITED STATES DISTRICT COURT

District of _____

Plaintiff
V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____    _____
Date                                                  United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.