**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRENDA L. WILKERSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 06-450 (GMS) |
| | : |
| WENDOVER, INC. t/b/d/a | : |
| WENDY'S, a Delaware corporation. | : |
| | : |
| Defendant. | : |

<u>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**</u>

FOX ROTHSCHILD LLP
Francis G.X. Pileggi (Del. Bar No. 2624)
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Phone: (302) 655-3667
E-mail: fpileggi@foxrothschild.com

*Attorneys for Defendant, WenDover, Inc.*

Dated: January 31, 2007

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ................................................................................................................ii

I.    STATEMENT OF THE NATURE AND STATE OF PROCEEDING ......................1

II.   SUMMARY OF ARGUMENT .............................................................................2

III.  STATEMENT OF FACTS ....................................................................................3

IV.   ARGUMENT

     A.    Standard of Review ....................................................................................5

     B.    Wilkerson's Sex Discrimination and Retaliation Claims Must Be
           Dismissed Because She Failed to Timely File Her Complaint ........................6

     C.    Count IV of Wilkerson's Complaint Which Alleges a Violation of the
           Covenant of Good Fair and Fair Dealing Must Be Dismissed Because
           Wilkerson Has Failed to Plead Facts Sufficient to Support Her Claim ...........9

V.    CONCLUSION ..................................................................................................10

## **TABLE OF CITATIONS**

### **CASES**

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997) ...........................5

Cole v. Delaware Tech. & Cmty. College, No. Civ. A 05-270, 2006 WL 2868237
(D. Del. Oct. 6, 2006) ...................................................................................................9

Espinoza v. Missouri Pacific R.R. Co., 754 F.2d 1247(5th Cir. 1985) ...............................7

Ford v. Temple Hospital, 790 F.2d 342 (3d Cir. 1986) ......................................................7

Lomans v. Monmouth Chemical Dependency Treatment Ctr., Inc., Civ.A. No. 91-
4558, 1992 WL 281107 (D.N.J. Oct. 5, 1992)...........................................................6, 7

Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997) .......................................5

Oswald v. Veeder Root Co., 662 F. Supp. 952 (W.D.Pa., 1987)........................................6

Pennsylvania ex. rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173 (3d Cir. 1988)...............5

Reed v. Agilent Techs., Inc., 174 F.Supp. 2d 176 (D. Del. 2001).......................................9

Sturm v. Clark, 835 F.2d 1009 (3d Cir. 1987)...................................................................5

Wisniewski v. Johns-Manville Corp., 759 F.2d 271 (3d Cir. 1985)....................................5

### **FEDERAL STATUTES**

42 U.S.C.A. § 2000(e) ..................................................................................................1, 6

### **FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rule of Civil Procedure 12(b)................................................................................5

PH1 929379v2 01/30/07

I.    **STATEMENT OF THE NATURE AND STAGE OF PROCEEDING**

On July 26, 2006, Plaintiff, Brenda L. Wilkerson ("Wilkerson") filed a four count Complaint against Defendant, WenDover, Inc. t/d/b/a Wendy's ("WenDover") alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000(e) et seq. (Count I); requesting punitive damages (Count II); alleging retaliation (Count III); and alleging a violation of the covenant of good faith and fair dealing (Count IV).

WenDover now files its Motion to Dismiss on all counts.

**II.**    **SUMMARY OF ARGUMENT**

This Court should dismiss Wilkerson's Complaint because it was not timely filed under the ninety day requirement set forth by Title VII, which runs from the date the notice of right to sue letter is received at the address of record.

Second, even assuming that Wilkerson did not receive actual notice of the right to sue letter until May 1, 2006, as she alleges in her Complaint, she has not presented any evidence regarding why she could not have filed her Complaint within the required time period.

Finally, Wilkerson has not pled any facts in her Complaint that support her claim that WenDover violated its covenant of good faith and fair dealing.  As a result, Wilkerson's Complaint should be dismissed.

2

## III.    **STATEMENT OF FACTS**

Wilkerson worked for WenDover since 1993 (except for a period of time between 1996 and 1998) at its location in Seaford, Delaware.  (Plaintiff's Complaint, ¶ 3 (D.I. #1)).  Her last position was Acting General Manager.  (Id.)

Wilkerson claims that in or after July 2004, Area Supervisor Paul Moore ("Moore") began frequently visiting the Seaford location because of problems at that location.  (Complaint, ¶ 7.)  In September 2004, while Wilkerson was helping another employee in the office area, she claims that Moore entered the office and placed his hands on Wilkerson's buttocks telling Wilkerson that she had a nice butt.  (Complaint, ¶ 9.)  On another occasion, approximately one week later, she claims Moore placed his hand on his groin, shaking it and telling Wilkerson that "he was hung heavy and she couldn't handle him."  (Complaint, ¶ 11.)  Wilkerson told him to stop.  (Complaint, ¶ 11)  Allegedly, Moore laughed and slapped her with a piece of cheese.  (Id.)  Moore allegedly told Wilkerson that if she went over his head, she would be fired.  (Id.)  Wilkerson advised another second level supervisor, Rice, about Moore's behavior.  (Complaint, ¶ 12.)  Rice reported Moore's behavior to the Director of Operations, David Lovelace, who indicated that he would look into the issue once he returned from vacation.  (Complaint, ¶ 13.)  Wilkerson never heard from Lovelace prior to her termination.  (Id.)  Wilkerson also claims that Moore made derogatory comments about Wilkerson's fiancé, stating that she was "going home to get some" and that Moore offered to take her home.  (Complaint, ¶ 14.)

Wilkerson alleges that, on October 2, 2004, Moore called Wilkerson into the office and told her that he was aware that she had reported him for sexual harassment, told her "you f-------bitch you're no manager" and then terminated her.  (Complaint, ¶ 15.)  Wilkerson began to leave

3

the office but Moore grabbed her arm, pushed her against the office printer and told her to "get the f---- out of here." (Complaint, ¶ 16.)

Wilkerson filed a charge of sexual harassment with the Delaware Department of Labor. (Complaint, ¶ 17.) The Equal Employment Opportunity Commission ("EEOC") mailed a "Right to Sue" letter to Wilkerson at 13 Hichman Drive, Laurel, DE 19956 (the address provided to the EEOC) on April 20, 2006. (Complaint, Exhibit "A".) Wilkerson alleges that the "Right to Sue" letter was mailed to a wrong address, although the EEOC had a current address, and Wilkerson did not receive the notice until May 1, 2006. (Complaint, ¶ 18.) Wilkerson filed her Complaint on July 26, 2006.

IV.    **ARGUMENT**

A.    **Standard of Review**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. <u>Sturm v. Clark</u>, 835 F.2d 1009 (3d Cir. 1987). A complaint may be dismissed for failure to state a claim upon which relief may be granted if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997); <u>Pennsylvania ex. rel. Zimmerman v. Pepsico, Inc.</u>, 836 F.2d 173, 179 (3d Cir. 1988).

In reviewing a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom are accepted as true and viewed in the light most favorable to the nonmoving party. <u>Morse</u>, 132 F.3d at 906; <u>Wisniewski v. Johns-Manville Corp.</u>, 759 F.2d 271 (3d Cir. 1985). Notwithstanding this standard, a court "need not credit a complaint's bald assertions or legal conclusions." <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429 (3d Cir. 1997) (citation omitted).

PH1 929379v2 01/30/07

**B.     Wilkerson's Sex Discrimination and Retaliation Claims Must Be
Dismissed Because She Failed To Timely File Her Complaint.[1]**

Section 706 of Title VII provides, in part, that:

> If a charge filed with the Commission pursuant to subsection (b) of
> this section is dismissed by the Commission, . . . shall so notify the
> person aggrieved and <u>within ninety days</u> after the giving of such
> notice a civil action may be brought against the respondent named
> in the charge . . . .
> 42 U.S.C.A. § 2000e-5(f)(1) (emphasis added).

Absent equitable considerations, delivery to a plaintiff's <u>address of record</u> is sufficient to
trigger the commencement of Title VII's ninety-day period, even though the plaintiff does not
receive actual notice until some time later.   <u>See</u> <u>Lomans v. Monmouth Chemical Dependency
Treatment Ctr., Inc.</u>, Civ.A. No. 91-4558, 1992 WL 281107, at *2 (D.N.J. Oct. 5, 1992); <u>Oswald
v. Veeder Root Co.</u>, 662 F. Supp. 952, 953 (W.D.Pa., 1987) (emphasis added).

In this case, the Right to Sue letter issued by the EEOC states that the address of record is
13 Hichman Drive, Laurel DE 19956.  (<u>See</u> Exhibit A attached to Plaintiff's Complaint.)  The
Right to Sue letter indicates that it was mailed on April 20, 2006 to that address.  Even assuming
that the letter took a few extra days to arrive at Wilkerson's address of record and did not arrive
until April 25, 2006 – five days later than the date the letter states it was mailed – Wilkerson's
Complaint would be untimely.  Wilkerson did not file her Complaint in this matter until July 26,
2006 – ninety-two days after the ninety-day time period would have begun to run on April 25,
2006 (had the letter arrived at the address of record on that date).

Even assuming (as Wilkerson alleges) that the EEOC sent the letter to the wrong address
(though Wilkerson admits that the EEOC had her current address), Wilkerson had more than

---

[1] Because Wilkerson's sex discrimination and retaliation claims must be dismissed, her request for punitive damages
must also be dismissed.

sufficient time to timely file her Complaint and has not presented any reason why she could not have filed her Complaint during the ninety-day time period.

If a plaintiff receives adequate notice of his right to sue, but does not file a complaint within the 90 day time period and no equitable reason exists to toll the statute, the complaint must be dismissed as untimely. See Espinoza v. Missouri Pacific R.R. Co., 754 F.2d 1247 (5th Cir. 1985). In Espinoza, the EEOC, on May 3, 1983, mailed the right to sue letter to the address that plaintiff, Richard Espinoza, provided to the EEOC, which was his house address. Id. at 1249. Espinoza's wife received the letter on May 4, 1983. Id. Espinoza was out of town and did not actually see the letter until he returned home on May 12, 1983. Id. He filed suit on August 3, 1983 – ninety two days after the letter was delivered to Espinoza's home. Id. Espinoza alleged that the ninety-day period does not begin to until the aggrieved person actually receives the right to sue letter because it is then that the person becomes aware of his or her right to sue. Id. at 1249.

The Fifth Circuit upheld the decision of the district court and found that that the suit was untimely. Id. The Court found that Espinoza had "offered absolutely no explanation for his failure to file suit within the eighty-two day period that remained following his return home" and did not even come close to the kind of showing required to invoke the doctrine of equitable tolling. Id. at 1251. The Fifth Circuit affirmed the lower court's decision dismissing the complaint. Id. at 1251; see also Ford v. Temple Hosp., 790 F.2d 342, 350 (3d Cir. 1986) (citing Espinoza and holding that plaintiff, who received notice of right to sue letter late due to office inadvertence and filed complaint after the ninety-day time period, "did not come close to the kind of showing to invoke doctrine of equitable tolling" and that the district court's finding of bad faith and awarding attorneys' fees to defendants was proper); Lomans, 1992 WL 281107, at

*3 (stating that plaintiff's complaint was untimely when it was filed ninety-one days after the statutory period had expired though plaintiff contended he did not receive right to sue letter until two days after plaintiff's father signed for it and received it at the address plaintiff provided to EEOC).

Here, even assuming arguendo that Wilkerson did not actually receive notice of the right to sue letter until May 1, 2006, she has not presented any evidence as to why she could not have filed her Complaint during the remaining eighty-four days she had until the ninety day period ended. The ninety day period runs from the date the letter was sent to the address of record – in this case, at the latest, April 25, 2006 (assuming it even took more than three days for the right to sue letter, which states that it was mailed on April 20, 2006, to arrive at the address Wilkerson provided the EEOC). Wilkerson has not pled any facts that the EEOC mailed the letter to an address other than the one she provided to it nor has she presented any evidence that she advised the EEOC about an address change and that the EEOC did not send the right to sue letter to the new address.

Because the right to sue letter was likely sent to the address of record on or before April 25, 2006, and Wilkerson has failed to present any reason to equitably toll the deadline, Wilkerson's Complaint is untimely and the claims brought under Title VII for sex discrimination, punitive damages, and retaliation must be dismissed.

8

**C.**    **Count IV of Wilkerson's Complaint Which Alleges A Violation**
**of the Covenant of Good Faith and Fair Dealing Must Be Dismissed Because**
**Wilkerson Has Failed to Plead Facts Sufficient To Support Her Claim.**

In order to make out a claim for breach of the covenant of good faith and fair dealing under Delaware law, the at-will employee must demonstrate (1) the termination violated public policy and no other remedial scheme exists; (2) the employer misrepresented an important fact and the employee relied thereon either to accept a new position or remain in a present one; (3) the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; or (4) the employer falsified or manipulated employment records to create fictitious grounds for termination.  Cole v. Delaware Tech. & Cmty. College, No. Civ. A 05-270, 2006 WL 2868237, at *9 (D. Del. Oct. 6, 2006); Reed v. Agilent Techs., Inc., 174 F. Supp. 2d 176, 191 (D. Del. 2001).

Wilkerson's claim for violation of a good faith and fair dealing must be dismissed because she has failed to present facts sufficient to support her claim.  Her Complaint does not contain additional facts other than those she uses to support her sex discrimination and retaliation claims.

First, Wilkerson is able to assert her claims under Title VII.  Therefore, another remedial scheme under which she may bring her claims exists.  Accordingly, Wilkerson cannot satisfy the first requirement.  Second, Wilkerson make no allegations that WenDover misrepresented an important fact and that she accepted a new position or remained in the present one.  Next, Wilkerson does not plead any facts that WenDover used its superior bargaining power to deprive her of clearly identifiable compensation related to her past service.  Finally, Wilkerson does not allege any facts that WenDover falsified or manipulated employment records to create fictitious grounds for termination.

PH1 929379v2 01/30/07

Accordingly, the Court should dismiss Count IV of Wilkerson's Complaint alleging a claim for a violation of good faith and fair dealing against WenDover.

## II.  <u>CONCLUSION</u>

For the reasons mentioned above, the Court should grant WenDover's Motion to Dismiss Plaintiff's Complaint.


Respectfully submitted,

**FOX ROTHSCHILD LLP**


By:  /s/ Francis G.X. Pileggi
     Francis G.X. Pileggi, Esquire (#2624)
     Citizens Bank Center, Suite 1300
     919 North Market Street
     Wilmington, DE  19801-2323
     Phone:  (302) 655-3667
     E-mail:  fpileggi@foxrothschild.com

     *Attorneys for Defendant, WenDover, Inc.*


Dated:  January 31, 2007


10

## CERTIFICATE OF SERVICE

I, Francis G. X. Pileggi, Esquire, hereby certify on this 31st day of January 2007, I electronically filed the foregoing Defendant WenDover, Inc.'s Brief in Support of Motion to Dismiss Plaintiff's Complaint with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Roy S. Shiels, Esquire
> Brown Shiels & O'Brien LLC
> 108 E. Water St.
> P.O. Drawer F
> Dover, DE 19903
> Email: rshiels@del-law.com

<br>

        /s/ Francis G.X. Pileggi
Francis G.X. Pileggi, Esquire (#2624)

Dated: January 31, 2007