IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDA L. WILKERSON, | : |
| Plaintiff, | : |
| v. | : Case No. 06-450 (JJF) |
| WENDOVER, INC. t/b/d/a WENDY'S, a Delaware corporation. | : |
| Defendant. | : |

**DEFENDANT WENDOVER INC'S REPLY TO
PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS**

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:   /s/ Francis G.X. Pileggi
Francis G.X. Pileggi, Esquire (#2624)
Marvin L. Weinberg, Esquire (*Admitted Pro Hac Vice*)
Citizens Bank Center, Suite 1300
919 North Market Street
Wilmington, DE   19801-2323
(302) 655-3667
*Attorneys for Defendant, WenDover, Inc.*

Dated:  March 2, 2007

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS .................................................................................................. ii

I.   INTRODUCTION .................................................................................................1

II.  ARGUMENT.........................................................................................................2

     A.   Plaintiff's Claim For Violation of the Covenant of Good Faith and
          Fair Dealing Must Fail Because She Has Not Pled Facts In Her
          Complaint That Fit In One of the Four Exclusive Categories For
          Which This Claim May Be Brought. ..........................................................2

III. CONCLUSION......................................................................................................5

# TABLE OF CITATIONS

## STATE CASES

E.I. DuPont de Nemours & Co. v. Pressman, 679 A.2d 436, 442-44 (Del. Supr. 1996)..................2

Lord v. Souder, 748 A.2d 393 (Del. 2000) ...............................................................................2, 3

Merrill v. Crothall-American, Inc., 606 A.2d 96 (Del. Super. 1992) ............................................2

## FEDERAL CASE

Reed v. Agilent Technologies, 174 F. Supp. 2d 176 (D. Del. 2001) ..............................................3

## FEDERAL STATUTE

42 U.S.C.A. § 2000(e) et seq. ......................................................................................................1

I.  **INTRODUCTION**

On July 26, 2006, Plaintiff, Brenda L. Wilkerson ("Wilkerson" or "Plaintiff), filed a Complaint against Defendant, Wendover, Inc. t/d/b/a WENDY'S ("Wendover") alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000(e) et seq., requesting punitive damages, alleging retaliation and alleging a violation of the covenant of good faith and fair dealing.  Wendover filed a Motion to Dismiss and Brief In Support of the Motion to Dismiss on January 31, 2007.  On February 26, 2007, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss.  Wendover now files this reply.

## II. ARGUMENT

### A. Plaintiff's Claim For Violation of the Covenant of Good Faith and Fair Dealing Must Fail Because She Has Not Pled Facts In Her Complaint That Fit In One of the Four Exclusive Categories For Which This Claim May Be Brought.

In Delaware, employees are employed at-will and may be discharged at any time without cause. See Merrill v. Crothall-American, Inc., 606 A.2d 96, 103 (Del. Super. 1992). A limited exception to the harshness of the employment at-will doctrine has been the recognition of the implied covenant of good faith and fair dealing doctrine. Lord v. Souder, 748 A.2d 393, 400 (Del. 2000).

Four categories for which a plaintiff may bring a claim for breach of an implied covenant of good faith and fair dealing are (1) where the termination violated public policy; (2) where the employer misrepresented an important fact and the employee relied thereon either to accept a new position or remain in a present one; (3) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and (4) where the employer falsified or manipulated employment records to create fictitious grounds for termination. Id.; E.I. DuPont de Nemours & Co. v. Pressman, 679 A.2d 436, 442-44 (Del. Supr. 1996). These four categories are "exclusive" and at-will employees bringing a claim for breach of an implied covenant of good faith and fair dealing must fit their claim within one of the four established categories in order to "prevent further erosion of an employment at-will doctrine already riddled with exceptions." Lord, 748 A.2d at 401. Otherwise, the claim will be dismissed. Id.

As set forth in Defendant's Brief in Support of its Motion to Dismiss, Wilkerson has not alleged facts in her Complaint that fit in to one of the four categories identified in Pressman, supra, which would be necessary in order to establish a claim for violation of the covenant of

2

good faith and fair dealing. Plaintiff asserts in her Brief In Opposition to Defendant's Motion to Dismiss that the Delaware Supreme Court has held that those four scenarios <u>may</u> establish a breach of a covenant of good faith and fair dealing in the employment context, implying that other scenarios may qualify. This is incorrect. Rather, a plaintiff <u>must</u> establish one of those four categories or the claim must fail. <u>See</u> <u>Lord</u>, 748 A.2d at 401. Although Plaintiff asserts in her Brief that "Moore, her manager, made up or manipulated false claims about her performance in order to get the approval of higher levels of management to support his desire to terminate her employment," she failed to plead those facts in her Complaint. Nor did she plead any other facts in her Complaint which may establish a breach of a covenant of good faith and fair dealing.

Plaintiff asserts that she should have an additional opportunity thorough discovery to establish her claim. In this regard, Wilkerson cites to <u>Reed v. Agilent Technologies</u>, 174 F. Supp. 2d 176 (D. Del. 2001), to support her assertion that if she has evidence that supports her claim that her manager had provided false information to have her terminated and discovery has not yet occurred, then a claim for breach of a covenant of good faith and fair dealing has been established. Wilkerson's reliance is misplaced. In <u>Reed</u>, the plaintiff alleged that his former employer, Hewlett-Packard, falsified or manipulated employment records to create a fictitious ground for the plaintiff's termination and terminated him on that basis. <u>Id.</u> at 191. Plaintiff brought a claim for a breach of the covenant of good faith and fair dealing based on the employer's conduct. <u>Id.</u> The Court found that the employer was entitled to summary judgment because a cause of action for breach of the covenant of good faith and fair dealing must be based on an employer's manufacture of grounds for dismissal, not for giving a false reason for dismissal. <u>Reed</u>, 174 F. Supp. 2d at 191. Contrary to Wilkerson's argument, the Court never stated that a plaintiff should be permitted additional discovery when the complaint does not

3

support a claim of breach of a covenant of good faith and fair dealing. <u>Id.</u> at 190-91. Therefore, it is clear that Plaintiff's assertion that she would be given additional opportunity, through discovery, to establish her claim should be rejected.

### III. CONCLUSION

For the reasons mentioned above, the Court should grant WenDover Inc.'s Motion to Dismiss Count IV of Plaintiff's Complaint.

                                        Respectfully submitted,

                                        **FOX ROTHSCHILD LLP**

                            By: /s/ Francis G.X. Pileggi
                                    Francis G.X. Pileggi, Esquire (#2624)
                                    Marvin L. Weinberg (*Admitted Pro Hac Vice*)
                                    Citizens Bank Center, Suite 1300
                                    919 North Market Street
                                    Wilmington, DE  19801-2323
                                    Phone: (302) 655-3667
                                    E-mail: fpileggi@foxrothschild.com
                                    *Attorneys for Defendant, WenDover, Inc.*

Dated: March 2, 2007

## CERTIFICATE OF SERVICE

I, Francis G. X. Pileggi, Esquire, hereby certify on this 2nd day of March 2007, that Defendant WenDover, Inc.'s Reply to Plaintiff's Brief In Opposition To Motion to Dismiss in has been served by eFiling on the following counsel of record:

>Roy S. Shiels, Esquire
>Brown Shiels & O'Brien LLC
>108 E. Water St.
>P.O. Drawer F
>Dover, DE 19903
>Email: rshiels@del-law.com


>/s/ Francis G.X. Pileggi
>Francis G.X. Pileggi, Esquire (#2624)

Dated: March 2, 2007