IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRENDA L. WILKERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-450-JJF |
| | : | |
| WENDOVER, INC. t/d/b/a | : | |
| WENDY'S, a Delaware | : | |
| corporation, | : | |
| | : | |
| Defendant. | : | |

Roy S. Sheils, Esquire, of BROWN, SHEILS, BEAUREGARD & CHASANOV,
Dover, Delaware.
Attorney for Plaintiff.

Marvin L. Weinberg, Esquire, of FOX ROTHSCHILD LLP,
Philadelphia, Pennsylvania.
Francis G.X. Pileggi, Esquire, of FOX ROTHSCHILD LLP,
Wilmington, Delaware.
Attorneys for Defendant.

**OPINION**

July 23, 2007
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is Defendant Wendover, Inc.'s ("Wendover") Motion To Dismiss Plaintiff's Complaint (D.I. 4). For the reasons discussed, the Court will grant the Motion in part and deny it in part.

## I.    Background

Plaintiff Brenda L. Wilkerson was employed at Wendover's Seaford, Delaware Wendy's location between 1993 and 2004, except for a period of time between 1996 and 1998.  On October 2, 2004, Plaintiff was terminated by her Area Supervisor, Paul Moore. Plaintiff subsequently filed a charge of sexual harassment with the Delaware Department of Labor ("DDOL") who, pursuant to an agreement, acted on behalf of the Equal Employment Opportunities Commission ("EEOC").  On April 20, 2006, the EEOC mailed a "right to sue" letter to Plaintiff's initial address of record. Plaintiff had moved to a different address, and had allegedly advised the EEOC of this change before April 20, 2006.  Because of this address mistake, Plaintiff did not receive the right to sue letter until May 1, 2006.  On July 26, 2006, Plaintiff filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging sexual harassment, a hostile work environment, retaliation, and breach of the implied covenant of good faith and fair dealing.

1

By its Motion, Wendover requests that Plaintiff's complaint be dismissed as untimely pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5(f)(1).  In addition, Wendover contends that Plaintiff has failed to plead sufficient facts to support Count IV of her complaint, which alleges that Wendover breached its implied covenant of good faith and fair dealing.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a claim for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is to test the sufficiency of a claim, not to resolve disputed facts or decide the merits of the case.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  When determining such a motion, a court may look only to, and must accept as true, the facts alleged in the complaint and its attachments, and must draw all reasonable factual inferences in the light most favorable to the non-moving party.

In considering a Rule 12(b)(6) motion, a court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" Bell Atl. Corp. v. Twombly, 05-1126, 2007 U.S. LEXIS 5901 at *14 (U.S. May 21. 2007).  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of

the claim, but also 'grounds' on which the claim rests. <u>Id.</u>
(citing Fed. R. Civ. P. 8(a), 5 Wright & Miller § 1202 at 94,
95). The burden of demonstrating that the plaintiff has failed
to state a claim upon which relief may be granted rests on the
movant.

## III. DISCUSSION

A.   <u>Whether Plaintiff's Title VII claims are untimely</u>

Under Title VII, if the EEOC does not file suit or reach a
conciliation agreement, the EEOC "shall so notify the person
aggrieved and within 90 days after the giving of such notice a
civil action may be brought against the respondent named in the
charge . . . by the person claiming to be aggrieved . . . ." 42
U.S.C. § 2000e-5(f)(1). Wendover argues that the 90-day period
had expired before Plaintiff filed suit. Plaintiff contends
that, because the EEOC was advised of her new address before
April 20, 2006, yet sent the "right to sue" letter to her old
address of record, her suit was timely. The Court concludes that
Plaintiff was not notified of her right to file a civil suit
until she received the letter at her new address on  May 1, 2006,
and therefore, her Complaint was timely filed.

The Third Circuit has determined that "ordinarily 'giving'
notice should be construed to mean that a dismissal letter from
the EEOC could be deemed to have been received at the <u>correct</u>
address . . . ." <u>Ebbert v. DaimlerChrysler Corp.</u>, 319 F.3d 103,

115 (3d Cir. 2003)(emphasis added).  The present case, however,
involves the question of when notice has been given if a
dismissal letter is sent to the <u>incorrect</u> address.  Defendant
contends that delivery to Plaintiff's address of record
sufficiently triggered Title VII's 90-day period, even though
Plaintiff did not receive actual notice until some time later.
Defendant relies on three cases in support of that position:
<u>Lomans v. Monmouth Chemical Dependency Treatment Ctr., Inc.</u>,
Civ.A. No. 91-4558, 1992 WL 281107 (D.N.J. Oct. 5, 1992),
<u>Espinoza v. Missouri Pacific R.R. Co.</u>, 754 F.3d 1247 (5th Cir.
1985), and <u>Ford v. Temple Hosp.</u>, 790 F.2d 342, 250 (3d Cir.
1986).

     In <u>Lomans</u>, the plaintiff received his right to sue letter
two days after his father had received and signed for it at the
address plaintiff provided to the EEOC.  The plaintiff filed his
suit 89 days after he actually received the letter, but 91 days
after it had been delivered to his house. The district court
dismissed the suit as untimely.  Similarly, in <u>Espinoza</u>, the EEOC
mailed a right to sue letter to the claimant's address of record,
and his wife received the letter a day later.  The claimant,
however, was out of town, and did not receive the letter until
eight days later.  When he filed suit 92 days after the letter
was delivered to his home and received by his wife, his complaint
was dismissed as untimely.  Finally, in <u>Ford</u>, office negligence

at the address of record delayed plaintiff's receipt of the right
to sue letter, and her suit, which was filed more than 90 days
after it was received at her office, was deemed untimely.

The Court views these cases as distinguishable from the
present case.  In each case cited by Defendant, the letters were
sent to the correct address of record, and therefore, the receipt
of the right to sue letters was "uniquely within the plaintiff's
control." Zillyette v. Capital One Financial Corp., 179 F.3d
1337, 1340 (11th Cir. 1999).  Because the letters were delivered
to the proper addresses of record, those plaintiffs were
"required . . . to assume the minimal burden of informing family
members of suitable age and discretion that plaintiffs were
expecting an important letter related to their pending claim, and
that they needed to be alerted immediately following its
delivery." Id.[1]

In the present case, however, assuming all allegations in
the Complaint to be true, Plaintiff advised the EEOC of her
address change before the right to sue letter was mailed.  Thus,
the EEOC's decision to send the letter to Plaintiff's prior
address of record, rather than the new address, was beyond

---

[1] This principle is in accordance with Fed. R. Civ. P. 8(c),
which permits proper service to be completed if papers are given
to the actual person to be served, or by leaving copies with a
person of suitable age residing at the individual's dwelling
house or usual place of abode.  The latter person's failure to
relay those copies will not excuse an individual's failure to
appear, nor will it support a claim of non-service.

Plaintiff's control.  Moreover, Plaintiff did not have any prior
knowledge that such a letter had been issued.  Accordingly, the
Court finds that Plaintiff did not have notice of the April 20,
2006 right to sue letter until May 1, 2006.  Because Plaintiff's
Complaint was filed eighty-six (86) days after Plaintiff received
her right to sue letter at her home, the Court concludes the
Complaint was timely filed.

   B.   Whether Plaintiff Has Plead Sufficient Facts To Support
        A Claim Under The Implied Covenant Of Good Faith And
        Fair Dealing

   Wendover contends that Count IV of Plaintiff's complaint,
alleging that Wendover breached the implied covenant of good
faith and fair dealing, should be dismissed because her complaint
does not plead facts that support such a claim.  Under Delaware
law, the covenant of good faith and fair dealing is recognized as
a narrow exception to the presumption of at will employment. E.I.
Dupont de Nemours and Co. v. Pressman, 679 A.2d 436, 441 (Del.
1996).  In order to bring a valid cause of action under the
covenant of good faith and fair dealing, a plaintiff must show
that his claim falls into one of four exclusive categories:

        (I) where the termination violated public
        policy; (ii) where the employer misrepresented
        an important fact and the employee relied
        "thereon either to accept a new position or
        remain in a present one," (iii) where the
        employer used its superior bargaining power to
        deprive an employee of clearly identifiable
        compensation related to the employee's past
        service; and (iv) where the employer falsified

6

> or manipulated employment records to create
> fictitious grounds for termination.

Lord v. Souder, 748 A.2d 393, 400 (Del. 2000)(quoting Pressman,

679 A.2d at 442-44).

Construing the Complaint in the light most favorable to

Plaintiff, the Court concludes that Plaintiff has not pled

sufficient facts to support Count IV.  Plaintiff's Complaint does

not include facts suggesting she was terminated for any reason

other than sexual discrimination, nor does it claim that anyone

at Wendover manufactured or relayed false information for the

purpose of terminating Plaintiff, or that higher management

relied on that information in affirming Plaintiff's termination.

Plaintiff contended for the first time, in her answering

brief to Wendover's Motion, that her claim falls into category

(iv).  In that paper, Plaintiff contends that "Moore, her

manager, made up or manipulated false claims about her

performance in order to get the approval of higher levels of

management to support his desire to terminate her employment."

(D.I. 9 at 14).

Although Plaintiff attached to her complaint the notice sent

to her by the EEOC that allegedly "reflects a claim that the

determination to terminate employment was alleged by Wendy's to

be based on claimed performance deficiencies," Plaintiff did not

allege with particularity how this determination derived from

falsified or manipulated employment records. (D.I. 9 at 14).  In

7

addition, the Court can identify only two allegations that could potentially support Count IV: that Moore began frequenting the Seaford Wendy's because he claimed there were inventory problems (D.I. 1 at 3), and that, after she was terminated, Plaintiff was advised by her district manager that "Moore did not have authority to fire her without approval of the District Manager, which was neither asked for nor given." Id. at 4. These facts alone, however, are insufficient to support a claim of breach of goof faith and fair dealing.

Because the facts asserted in Plaintiff's complaint do not support a claim for a breach of good faith and fair dealing, the Court will dismiss Count IV of the Complaint. Of course, during the course of this litigation, Plaintiff may amend her Complaint to comport with facts that may be learned through discovery.

## IV.   CONCLUSION

For the reasons discussed, the Court will grant Wendover's Motion To Dismiss to the extent that it seeks to dismisses Count IV of the Complaint. The Court will deny Wendover's Motion To Dismiss in all other respects.

An appropriate Order will be entered.